## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ANTHONY McKINNEY,**

      **Petitioner,**

      **v.**

**WARDEN, WARREN**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

        **CASE NO. 2:14-CV-1992**
        **JUDGE EDMUND A. SARGUS, JR.**
        **Magistrate Judge Elizabeth P. Deavers**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant *Petition,* ECF No. 1; Petitioner's *Motion to Expand the Record,* and *Motions for Stay and Abeyance*, ECF No. 2, 3, 17; *Respondent's Response in Opposition*, ECF No. 18; Petitioner's *Reply*, ECF No. 19; Respondent's *Motion to Dismiss or Transfer* and *Supplemental Memoranda in Support*, ECF Nos. 12-14; Petitioner's *Motion for Leave to Supplement the Record with the Original Trial Court Transcripts,* ECF No. 20, Petitioner's *Motion for Discovery and Evidentiary Hearing*, ECF No. 24, Petitioner's *Motion to Dismiss*, ECF No. 28, and Petitioner's *Motion for Extension of Time*, ECF No. 30.

For the reasons that follow Petitioner's *Motion to Expand the Record*, *Motion for Stay and Abeyance*, *Motion for Discovery and Evidentiary Hearing*, *Motion for Leave to Supplement the Record with the Original Trial Court Transcripts,* and *Motion to Dismiss Respondent's Reply*

(ECF Nos. 2, 3, 17, 20, 24, 28) are **DENIED.**1   To the extent that Petitioner has attached additional exhibits in support of his claims, his *Motion for Discovery* is **GRANTED**. Petitioner's *Motion for Extension of Time*, ECF No. 30, is **DENIED**, as moot.

The Magistrate Judge **RECOMMENDS** that habeas corpus claims one, three and four be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit, that Respondent's *Motion to Dismiss*, ECF No. 12, be **GRANTED**, and that this action be **DISMISSED**.

**Facts and Procedural History**

This case involves Petitioner's April 2006 convictions after a jury trial in the Franklin County Court of Common Pleas on one count of murder, three counts of felonious assault, and one count of having a weapon while under disability, with firearm specifications.  This is not his first federal habeas corpus petition.  *See McKinney v. Warden, Warrant Correctional Institution*, Case No. 2:09-cv-00498.  On June 11, 2011, the Court dismissed Petitioner's prior habeas corpus petition.  The United States Court of Appeals for the Sixth denied petitioner's application for a certificate of appealability.  The United States Supreme Court denied Petitioner's petition for a writ of *certiorari*.  Case No. 2:09-cv-00498, ECF No. 50, 51.

This Ohio Tenth District Court of Appeals summarized the facts as follows:

> The facts showed that on October 13, 2005, four individuals-- Terrance Barbour, Sherman Justice, Terrell Craig, and Jermaine Freeman-- drove to an apartment building located at 3676 Cleveland Avenue. The purpose for this trip was to visit Barbour's cousin, "Timmy," and to plan a party celebrating Barbour's release from the Department of Youth Services. When they arrived at the apartment building, three people were in the parking lot, one of whom was identified by Craig and Freeman as appellant. There was a brief confrontation between the two groups at that time.

---

1 Although the Court denies his Motion for Discovery, to the extent Petitioner considers the materials "discovery," the Court has considered the documents that Petitioner attached as additional exhibits in support of his claims.

The four discovered that Timmy had moved out of his apartment in the building to another apartment on the other side of Cleveland Avenue. The group found Timmy's apartment and visited him for a brief time. As they exited Timmy's apartment, the group was confronted by an individual named Mickey Hairston. Hairston had a gun, and argued with Barbour.

The group went back across Cleveland Avenue to return to their car so they could leave. As they passed through the apartment building, Craig saw Hairston hand a gun to appellant. As Craig got into the driver's seat of their car, he saw appellant, who was standing in the doorway from which the group had just exited the apartment building, begin firing the gun towards him and his group. Craig started to pull the car out of its parking space when he saw that Barbour had been hit by gunfire. Barbour had been struck in the neck by a bullet, and ultimately died from blood loss. In addition, Justice had been shot in the leg.

Deputy Brian Jackson of the Franklin County Sheriff's Office arrived at the scene shortly after the shooting. Jackson spoke to Craig, who gave a description of the person he had seen firing the gunshots. Craig actually described two people, "a dark heavyset black dude with braids and a short brown-skinned dude with braids." (Tr. at 180.) Jackson then began searching the area in his cruiser, looking for anyone who matched the descriptions he had been given. Jackson began his search along Cleveland Avenue south of the buildings because he had been told the shooter had run in that direction.

Jackson saw appellant, who fit the first description Craig had given, exiting a drive-through carryout at Northern Lights Shopping Center. Jackson stopped appellant so he could question him about any possible knowledge of the shooting. Appellant was initially evasive about where he was going and his address, but ultimately gave his address as one of the apartments in the building at which the shooting had occurred. Appellant stated that, "I don't have anything to do with that." When asked to what he was referring, appellant said, "[w]hatever's going on over there." (Tr. at 78.) Jackson then put appellant in the back of his cruiser and returned to the scene of the shootings. Craig was then asked if he could identify appellant, and Craig identified appellant as the person who had fired the gunshots. Freeman later identified appellant as the shooter in a photographic array. Appellant was arrested, and his clothes were taken for testing, which revealed the presence of gunshot residue.

> Appellant was indicted by a grand jury on one count of murder with a firearm specification; three counts of felonious assault, each with firearm specifications; and one count of having a weapon while under disability. After trial, a jury convicted appellant of all of the charges.

*State v. McKinney,* No. 06AP-510, 2007 WL 1153077, at *1-2 (Ohio 10th App. April 19, 2007).

The trial court sentenced Petitioner to an aggregate term of twenty-eight years to life. ECF No. 12-2, PageID# 197. On April 19, 2007, the appellate court affirmed the judgment of the trial court's judgment. *State v. McKinney*, 2007 WL 1153077, at *3. On September 26, 2007, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. McKinney*, 115 Ohio St.3d 1412 (2007).

> In the meantime, defendant, on March 19, 2007, filed a petition for post-conviction relief pursuant to R.C. 2953.21. Defendant contended his trial counsel was ineffective in failing to call three specific witnesses whose testimony would have demonstrated defendant was not the person who fired the shot killing Terrance Barbour. Attached to defendant's petition was a letter from the Ohio Public Defender's Office declining to represent defendant in his post-conviction proceedings. Defendant's petition, however, requested the opportunity to amend the petition to include evidence defendant gathered to support it.
>
> As indicated in his original petition, defendant on April 7, 2007 filed a motion for leave to amend his petition, requesting an extension of 110 days to gather supporting materials. The trial court granted his motion, and on July 11, 2007, defendant filed his amended petition. Attached to the amended petition were (1) defendant's own affidavit explaining his inability to produce supporting documentation, and (2) letters from his girlfriend explaining her attempts to assist him. By judgment entry filed September 25, 2007, the trial court denied defendant's petition for post-conviction relief filed on March 19, 2007, as well as his amended petition filed July 11, 2007.

On March 20, 2008, the appellate court affirmed the trial court's judgment. *State v. McKinney*, No. 07AP-868, 2008 WL 747716, at *1-2 (Ohio 10th App. March 20, 2008). On July 9, 2008,

the Ohio Supreme Court dismissed Petitioner's appeal.  *State v. McKinney*, 118 Ohio St.3d 1510 (2008).  On July 16, 2007, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B).  On September 27, 2007, the appellate court denied Petitioner's Rule 26(B) application.  ECF No. 13, PageID# 622.  On January 23, 2008, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *State v. McKinney*, 116 Ohio St.3d 1480 (2008).

On June 17, 2009, Petitioner filed his first federal habeas corpus petition.  *See McKinney v. Warden, Warren Correctional Institution,* Case No. 2:09-cv-00498.  He asserted that he had been denied a fair trial based on the trial court's constructive amendment of the indictment and belated disclosure of favorable evidence, denied the effective assistance of counsel, and convicted on a defective indictment.  On June 11, 2011, this Court dismissed Petitioner's habeas corpus petition.  The United States Court of Appeals for the Sixth denied petitioner's application for a certificate of appealability, and the United States Supreme Court denied Petitioner's petition for a writ of *certiorari*.  *See* Case No. 2:09-cv-00498, ECF No. 50, 51.

Thereafter, on November 7, 2011, Petitioner filed a motion for re-sentencing in the state trial court, asserting that the trial court improperly failed to notify him of post-release control.  ECF No. 13, PageID# 792-95.  On March 23, 2012, after a hearing, the trial court re-imposed the same aggregate sentence of 28 years in prison, notifying Petitioner that he would be subject to a mandatory term of three years post-release control.  The state appellate court denied Petitioner's appeal as follows:

> Anthony L. McKinney is appealing from the results of a sentencing hearing at which post-release control was added to his lengthy prison sentence. He was originally convicted of numerous charges in 2007 and pursued a direct appeal at that time. The issue to be considered at his most recent sentencing hearing was limited to whether post-release control should be part of his sentence and if so, how long the post-release control should last. McKinney attempts in his appellate brief to raise several other issues which he

calls "claims" as opposed to assignments of error. They are:

CLAIM I

The Appellant was ultimately denied his guaranteed right to the Sixth, Fifth, Fourteenth Admendment to the U.S. and Feferal Constitution, the right to confront and be protected against unseen and unknown witnesses and Due Process.

The petitioner Mr. McKinney's rights were violated due to an unknown officer or Sgt. and unknown unseen witness. The officer or Sgt. who actually conducted the identification procedure at the scene of the crime has never produced, he's unknown and unseen. No one can identify this officer/Sgt. This officer/Sgt. who conducted this identification procedure, also unknown would be the only person to know who his witness was, only if there was a positive identification. Logically if the state doesn't know who the officer/Sgt. is who conducted the identification procedure, you wouldn't know if there was a witness, or who this officers witness was. Officer Brian Jackson who testified at trial, say he only observed the unknown officer/Sgt. conduct the identification procedure, with an unknown person from a distance. Officer Jackson testified that he didn't hear a positive identification. Crawford v. washington 541 U.S. 36, 68(2004)and that he could not identify the witness, even if he walked in the court room. The phantom witness Terrell Craig. The trial court also violated confrontation by allowing a witness that could not be identified by officials to identify petitioner at trial. Taylor v. Cain, 545 F.3d 327 (5th cir.2008). No officer could or have identified this mystery witness as a person who identified petitioner at the scent. Due to the officer/Sgt who conducted the identification procedure, being unknown, unseen and has not been identified. It is impossible to have a witness under the protection of due process, and confrontation, when the identification officer/Sgt is unknown. Not only was the identification officer unknown, but officer Brian Jackson says there was no positive identification, and he can't identify this unknown unseen witness terrell craig, even if he walked in the court room. Also this claim is not likeany other argument petitioner previously argued. Just the same facts, this is a confrontation claim not identification. Haynes v. Quarterman, 561 F.3d 535, 538–39 (5th circuit 2009) Petitioner is showing that a officer/Sgt. and a witness is unknown and unseen. This claim is properly reserved for Appellete review. See March 23, 2012 Sentencing tracscipts and the courts decision July 5, 2012. This court should reverse and remand for a new trial or, rather an acquittal is the proper remedy.

CLAIM II

The appellant was denied the right to be free from double jeopardy 5th admendment to the united states constitution, allied offenses. On March 23, 2012 defendant sucessfully challenged P.R.C. and allied offences at sentencing hearing. Petitioner received a copy of the transcipts from Alicia Lash, these transcipts did not contain petitioners full argument. Petitioners allied offenses claim and other federal constitutional claims were omitted from my transcripts. On Sept. 11, Petitioner filed a motion for correction in this court. Sept. 18, 2012 the judges journal entry recommend appellant file his motion to correct with the trial court. Petitioner did as this court recommended, petitioner still has not received a decision or a timed stamped copy. Petitioner successfully challenged P.R.C. and merger of sentences. See state v. Fischer 128 ohio st.3d 92,2010–ohio6238 State v. millette 2011 ohio 6357. State v. Johnson 128 ohio st 3d 153 942. State v. fairman 2011 ohio 6489 State v. Griffis 2011 ohio 2955. State v. Hruby 2010 ohio 3530. This trial court failed to consider these claims together. The only portion of petitioner claim that is void is the allied offenses. As long as I give the state courts a fair opportunity to fix the federal violation, petitioner is in good standings. The conduct of the accused must be considered as established by the evidence, offenses arising from the same occurance sentence that are allied should be merged, to prevent shotgun convictions. Geigerm 45 ohio st.2d at 242.. 74. No need to perform hypothetical or abstract comparison of offenses at issue to conclude that the offenses are subject to merge. Under R.c. 2941.25(a) the question is whether it is possible to commit one offense and commit the other with the same conduct. If commission of one offense constitutes the commission of the other then the offenses are of similar importance. A single act committed with a single state of mind. The state must only choose one, must also merge weapons under disability, felinous assult, gun spec., felonious and murder together. State v. fairman 2011 ohio 6489. johnson. This issue was properly preserved for appellate review. This court should reverse and remand, specificially for allied offenses not P.R.C. P.R.C. was properly imposed.

CLAIM III

The Pititioners rebuttal to the presumption of correctness, a violation of petitioners U.S. and Federal constitutional rights Jefferson v. Upton, 130 S.ct 2217. 28 U.S.C. 2254(e)(i).

In miller-Ei v. Cockrell, 537 u.s.322,340 (2003) the supreme court held; A Federal court can disagree with the state courts credibility determinitation and when guided by AEDPA, conclude the decision was unreasonable or that the factual, Premise was incorrect by clear and convincing evidence. See 28 U.S.C. 2254(e)(1). A petitioner may also rebut the presumption of correctness of the state fact findings by establishing that any one of the eight enumerated exceptions under form 28 U.S.C. 2254(d)(1)-(8) applies. See Jefferson v. Upton, 130 s.ct 2217. It is evident that the state trial court lost its way in pursuit of its findings. The state used a set of different facts that where found differently in the trial court records/transcipts, an unreasonable determination of the facts in light of the evidence presented in the state court. The states facts are not fairly supported by the record. At this point Petitioner must make this court aware of Sumner v. Mata 11, 455 U.S. 591, 593 "statement of reason" requirement.

CLAIM IV

Inneffective assistance of appellate counsel, on three different appellate counsels on the same issue, coming from sentencing. Counsels failed to raise petitioners claims and issues arising at the resentencing hearing. A violation of the 6th 5th and 14th of the Federal and U.S. Constitution. innEffective council and due process.

The trial court abused its descreation by allowing John Keeling to withdraw, by agreeing with counsel that there was no issues to raise, when it was obvious that there were issues. State v. Millette 2011 ohio 6357 State v. Fischer 128 ohio st.3d 92, 942. State v. Hruby 2010 ohio 3530. State v. Griffis 2011 ohio 29ss. United States v. France 318 Fed Appx.411. This councel never even reviewed the transcripts of the sentencing hearing. See appellate court July 5, 2012 memorandum decision. See March 23, 2012 sentencing transcipts. Post release control was properly imposed, Kelling failed to raise petitioners issues arising at resentencing hearing. As a result Keeling was allowed to withdraw, made appellant miss his deadline to file a notice, which could have ultimately had petitioner barred for failure to appeal. Pititioner is not an attorney, petitioner was forced to file a late delayed appeal due to ineffective assistance of counsel. The trial court abused its descreation when there was obvious issues to be raised.

Appellant was appointed David L. Strait, by this honorable court, there was a conflict of interest because counsel failed to raise appellant previous identification claim in this court, and failed to

raise petitioners confrontation claim, and Jefferson v. Upton 130 s.ct 2217 about the fact that petitioner was not identified. Presumption of correctness rebuttal and allied offenses. This is why appellant is fighting for his life now, why should counsel get to raise issues he should have raised on direct appeal. Now that appellant has brought them forth why should he get to argue what he should of did in the first place. And he probably wouldn't have raised my issues anyways, he was talking the same way John Keeling and David Thomas was talking. All he could do is raise post Release control issues. David L. Strait was ineffective and also he withdrew due to a conflict.

(Sic.passim.)

The first three "claims" are legal issues which were or could have been addressed in McKinney's prior appeals. As such, they are barred by the doctrine of res judicata. Treated as assignments of error, they are overruled.

The fourth claim attacks the performance of McKinney's appellate counsel who all apparently informed McKinney he had nothing of any merit for the court to consider on the appeal. This is not a legitimate issue for an assignment of error. McKinney's fourth claim, treated as an assignment of error, is also overruled.

All four claims, treated as assignments of error, having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*State v. McKinney*, 2013 WL 1200214, at *1-4 (Ohio App. 10th Dist. March 26, 2013).  On

November 6, 2013, the Ohio Supreme Court dismissed the appeal.  *State v. McKinney*, 136 Ohio

St.3d 1557 (Ohio 2013).

On June 23, 2014, Petitioner filed a motion for leave to file a delayed motion for a new

trial in the state trial court based on newly discovered evidence and prosecutorial misconduct.

ECF No. 14, PageID# 1106-08.  In August 2014, the trial court denied the motion.  PageID#

1148.  Petitioner did not timely appeal, and on October 16, 2014, the appellate court denied his

motion for a delayed appeal.  PageID# 102-04.  As best the Court can discern from the record,

Petitioner's appeal remains pending in the Ohio Supreme Court.

On October 20, 2014, Petitioner filed this action, his second habeas corpus petition.  He asserts as follows:

1.  The reviewing court failure to reverse and the trial court's allowing unidentified unknown and unseen nontestifying anonymous witness testimony in violation of confrontation and due process.

2.  Appellant's issues as a whole is entitled to one free-standing collateral attack per judgment when a full de novo re-sentencing led to a new judgment, where new issues may be raised and cannot be barred by res judicata the U.S. Const. 14th Amendment.

3.  The Petitioner has the right to be free from double jeopardy and violates due process of law.

4.  The state court lost its way in pursuit of its fact finding, an unreasonable determination of the facts.  Petition entitled to an evidentiary hearing to prove factual allegations.

5.  Ineffective assistance of counsel on three different [illegible] can be on the same issues coming from re-sentencing.  A violation of 6th, 5th, 14 amend. To U.S. Federal Const. due process ineffective counsel.

6.  The state failed to properly file its brief and appellant was denied his U.S. Const. rights to be present and represent himself at oral arguments in violation of due process equal protection of the laws and access to the courts.

Petitioner has submitted various documents in support of his claims.  *Exhibits to Petition*.  He has filed a *Motion to Expand the Record* with various documents involved in his case.  However, he has not attached the documents referred to, which are not necessary for resolution of the case. *Petitioner's Motion to Expand the Record*, ECF No. 2, therefore is **DENIED**.

Petitioner also has filed a *Motion for Leave to Supplement the Record with the Original Trial Court Transcripts,* ECF No. 20.  However, Respondent has filed a *Motion to Dismiss* the

case as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), and requests the case be transferred to the United States Supreme Court as a successive petition. *Motion to Dismiss,* ECF No. 12. The Court therefore need not review the trial transcripts for resolution of the *Motion to Dismiss*. Petitioner's *Motion for Leave to Supplement the Record with the Original Trial Court Transcripts*, ECF No. 20, therefore is **DENIED**.

**Successive Petition**

In claims one, three and four, Petitioner raises issues related to his judgment of conviction. These claims do not arise from Petitioner's re-sentencing hearing, and could have been raised in his first federal habeas corpus petition. As such, Petitioner must obtain authorization for the filing of these claims from the United States Court of Appeals for the Sixth Circuit because they constitute the filing of a successive petition.

Before a second or successive habeas petition is filed in a federal district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court within the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the

court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without **§** 2244(b)(3)(A) authorization in *In re Sims, supra.*

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id. at 47.*

That being the case, the Magistrate Judge **RECOMMENDS** that claims one, three and four be **TRANSFERRED** to the Court of Appeals for the Sixth Circuit pursuant to § 2244(b)(3)(A).

**Request for Evidentiary Hearing and Appointment of Counsel**

Petitioner requests the appointment of counsel. ECF No. 24. Habeas corpus proceedings are considered to be civil in nature, and the Sixth Amendment does not guarantee the right to

counsel in these proceedings. *Greene v. Knab*, No. 2:09–cv–258, 2010 WL 3522479, at *3 (S.D. Ohio July 30, 2010) (citation omitted).

> The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); . . . Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases.  Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors.

*Gammalo v. Eberlin,* No. 1:05CV617, 2006 WL 1805898 (N.D. Ohio June 29, 2006) (citations omitted).

The record fails to reflect that either the interests of justice or due process require the appointment of counsel on Petitioner's behalf. An evidentiary hearing is not required to resolve Petitioner's claims. Petitioner's incarcerated indigent and *pro se* status is not atypical in habeas corpus proceedings.  The nature of his claims do not appear to be complex such that the interests of justice require the assistance of counsel, as evidenced by Petitioner's numerous *pro se* filings and prior federal habeas corpus petition.  Petitioner's request for the appointment of counsel and for an evidentiary hearing therefore are **DENIED**.

**Motion for Discovery**

Petitioner has filed a request for discovery.  Petitioner seeks the government to produce certain documents and DVD players.  ECF No. 24, PageID# 1329.

A habeas corpus petitioner has no absolute right to discovery.  *Bracy v. Gramley*, 520 U.S. 899 (1997); *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir.  2001). Under the provisions of Rule 6(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts,

a petitioner is "entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause grants leave to do so, but not otherwise." Discovery is warranted only where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . .entitled to relief [.]" *Harris v. Nelson*, 394 U.S. 286, 299 (1969); *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004). Rule 7 of the Rules Governing Section 2254 Cases further limits discovery and allows only the "addition of records which are relevant to the merits of a habeas corpus petition."

The additional material Petitioner requests is not necessary for resolution of this case, and Petitioner has failed to establish that any such material may show he is entitled to relief. Petitioner's request therefore is **DENIED**.

**Request for a Stay of Proceedings**

Petitioner requests a stay pending a decision from the Ohio Supreme Court on his motion for a new trial, which presumably remains pending. *Motion for Stay and Abeyance*, ECF No. 3, 17. He indicates that he is requesting a stay so that he may exhaust a claim of actual innocence now pending in the Ohio Supreme Court. ECF No. 17, PageID#: 1303. Petitioner indicates that he awaits a ruling on his claim of ineffective assistance of counsel based on a conflict of interest and the withholding of evidence. *Reply* ECF No. 19, PagID# 19. The record does not reflect that a stay of proceedings is warranted.

The AEDPA advances the states' significant interest in the finality of criminal convictions. Stays undermine finality and the AEDPA's provisions that encourage prisoners to timely present all of their federal claims to the state court at the earliest opportunity. *Rhines v. Weber,* 544 U.S. 269, 277–78 (2005). Stays should be used sparingly. They should not be

granted when the unexhausted grounds are plainly meritless.  *Id*. at 278.  Before a court can stay a habeas corpus action, the petitioner must demonstrate good cause for having failed to exhaust his state court remedies and that his claim is potentially meritorious.  *Id.* at 277–78. Petitioner cannot meet this standard here.

The trial court denied Petitioner's motion for leave to file a delayed motion for new trial, indicating that Petitioner submitted no new evidence in support, but only evidence that was available prior to his conviction.  ECF No. 14, PageID# 1149.  The appellate court construed Petitioner's motion as a motion for a delayed appeal, and denied the appeal, as Ohio does not permit delayed appeals in post conviction matters.  PageID# 1173.  Thus, it does not appear that any unexhausted claim would be potentially meritorious.  Petitioner has failed to explain the delay in pursuing the motion for a new trial based on evidence that was previously available to him.  Petitioner's request for a stay therefore is **DENIED**.

**Merits**

In the interests of judicial economy, the Court will address the merits of Petitioner's claims, which plainly fail to provide a basis for relief.

In claim two, Petitioner complains that the state courts refused to permit a *de novo* review of claims that occurred prior to his re-sentencing hearing.  In claim six, Petitioner asserts that he was denied his right to represent himself and be present at oral arguments on the appeal of his re-sentencing.  These claims involve solely issues regarding the alleged violation of state law.  The Constitution does not guarantee that a criminal defendant may obtain a second review of trial errors upon a re-sentencing hearing conducted for the purpose of imposing post release control or that a criminal defendant has the right to be present at oral arguments on such an appeal.  The Ohio Supreme Court's determination of what issues may be addressed upon a re-sentencing

hearing imposed for purposes of post-release control simply does not raise an issue of federal constitutional magnitude.

Further, a federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Petitioner's final remaining claim, in which he asserts the denial of the effective assistance of appellate counsel in relation to his re-sentencing, likewise plainly fails to provide him relief. The state appellate court's decision denying this claim is entitled to deference under 28 U.S.C. § 2254(d), (e), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an

> unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

"In order for a federal court to find a state court's application of [Supreme Court precedent] unreasonable, . . . [t]he state court's application must have been objectively unreasonable," not merely "incorrect or erroneous." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks omitted) (citing *Williams v. Taylor*, 529. U.S. at 409 and *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)); *see also Harrington v. Richter*, 562 U.S. 86, 101 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as "'fairminded jurists could disagree' on the correctness of the state court's decision." (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Petitioner cannot meet this standard here.

To prevail on a complaint of ineffective assistance of counsel, a defendant must meet the following two-tiered test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Id*.

Moreover, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 692.  Rather, a defendant must demonstrate prejudice to prevail on a claim of ineffective assistance of counsel.  *Id*. at 693.  To do so, a defendant must establish that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different.  *Id*. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  Because a defendant must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that she has failed to satisfy one prong, it need not consider the other.  *Id*. at 697.  The *Strickland* test applies to appellate counsel.  *Burger v. Kemp*, 483 U.S. 776 (1987). Counsel must provide reasonable professional judgment in presenting the appeal.  *Evitts v. Lucey*, 469 U.S. 387, 396–97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

Petitioner plainly has failed to meet this standard.  He raises no potentially meritorious issue that his attorney could have, but did not, raise on appeal.  The issues he sought to advance on the appeal of his re-sentencing hearing occurred prior to the time of his first appeal. Moreover, two of Petitioner's attorneys were permitted to withdraw.  Petitioner therefore cannot establish prejudice on this basis.

**Recommended Disposition**

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that habeas corpus claims one, three and four be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit, Respondent's *Motion to Dismiss*, ECF No. 12, be **GRANTED** and that this action be **DISMISSED.**

Petitioner's *Motion to Expand the Record*, *Motion for Stay and Abeyance*, *Motion for Discovery and Evidentiary Hearing*, *Motion for Leave to Supplement the Record with the Original Trial Court Transcripts,* and *Motion to Dismiss Respondent's Reply,* ECF No. 2, 3, 17, 20, 24, 28 are **DENIED.** Petitioner's *Motion for Extension of Time*, ECF No. 30, is **DENIED**, as moot.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

Date:  June 15, 2015