**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANTHONY McKINNEY,**

       **Petitioner,**

                                   **Civ. No. 2:14-cv-1992**

       **v.**                             **CHIEF JUDGE SARGUS**

                                   **Magistrate Judge King**

**WARDEN, WARREN**
**CORRECTIONAL INSTITUTION,**

       **Respondent.**

**ORDER and**
**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting six (6) claims for relief. On September 29, 2015, the Court dismissed claims two, five, and six. *Order* (ECF No. 41); *Judgment* (ECF No. 42). This matter is now before the Court for consideration of claims one, three, and four following the transfer of these claims by the United States Court of Appeals for the Sixth Circuit. *In re: Anthony L. McKinney*, No. 15-4107 (6th Cir. Aug. 8, 2016); *Order* (ECF No. 46). Available for this Court's consideration are the *Petition* (ECF 1), Respondent's *Return of Writ* and *Supplemental Memorandum Supporting Return of Writ* (ECF Nos. 48, 49, 60), Petitioner's *Traverse* (ECF No. 70), Respondent's *Sur-Reply* (ECF No. 72), Petitioner's *Response to Sur-Reply* (ECF No. 73), Petitioner's *Supplemental and Amended Traverse* (ECF No. 79), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the remaining claims, and this action, be **DISMISSED.**

Petitioner's requests for discovery and an evidentiary hearing, made throughout his filings, are **DENIED.** Petitioner's *Motion Requesting the District Court to Order Respondent to*

*Provide the Court and Petitioner with Relevant Portions of the Transcripts and Other Parts of the Record* (ECF No. 68) is likewise **DENIED**.

Petitioner's *Motion to Defer Ruling pending Receipt from Petitioner of a Traverse* (ECF No. 67) is **DENIED**, as moot.

## Facts and Procedural History

This Court has previously summarized the facts and procedural history of this case. *Order and Report and Recommendation* (ECF No. 32). Briefly, Petitioner challenges his April 2006 convictions after a jury trial in the Franklin County Court of Common Pleas on one count of murder, three counts of felonious assault, and one count of having a weapon while under a disability, with firearm specifications. The Ohio Tenth District Court of Appeals summarized the facts as follows:

> The facts showed that on October 13, 2005, four individuals - Terrance Barbour, Sherman Justice, Terrell Craig, and Jermaine Freeman - drove to an apartment building located at 3676 Cleveland Avenue. The purpose for this trip was to visit Barbour's cousin, "Timmy," and to plan a party celebrating Barbour's release from the Department of Youth Services. When they arrived at the apartment building, three people were in the parking lot, one of whom was identified by Craig and Freeman as appellant. There was a brief confrontation between the two groups at that time.
>
> The four discovered that Timmy had moved out of his apartment in the building to another apartment on the other side of Cleveland Avenue. The group found Timmy's apartment and visited him for a brief time. As they exited Timmy's apartment, the group was confronted by an individual named Mickey Hairston. Hairston had a gun, and argued with Barbour.
>
> The group went back across Cleveland Avenue to return to their car so they could leave. As they passed through the apartment building, Craig saw Hairston hand a gun to appellant. As Craig got into the driver's seat of their car, he saw appellant, who was standing in the doorway from which the group had just exited the apartment building, begin firing the gun towards him and his group. Craig started to pull the car out of its parking space when he saw that Barbour had been hit by gunfire. Barbour had been struck

2

in the neck by a bullet, and ultimately died from blood loss. In addition, Justice had been shot in the leg.

Deputy Brian Jackson of the Franklin County Sheriff's Office arrived at the scene shortly after the shooting. Jackson spoke to Craig, who gave a description of the person he had seen firing the gunshots. Craig actually described two people, "a dark heavyset black dude with braids and a short brown-skinned dude with braids." (Tr. at 180.) Jackson then began searching the area in his cruiser, looking for anyone who matched the descriptions he had been given. Jackson began his search along Cleveland Avenue south of the buildings because he had been told the shooter had run in that direction.

Jackson saw appellant, who fit the first description Craig had given, exiting a drive-through carryout at Northern Lights Shopping Center. Jackson stopped appellant so he could question him about any possible knowledge of the shooting. Appellant was initially evasive about where he was going and his address, but ultimately gave his address as one of the apartments in the building at which the shooting had occurred. Appellant stated that, "I don't have anything to do with that." When asked to what he was referring, appellant said, "[w]hatever's going on over there." (Tr. at 78.) Jackson then put appellant in the back of his cruiser and returned to the scene of the shootings. Craig was then asked if he could identify appellant, and Craig identified appellant as the person who had fired the gunshots. Freeman later identified appellant as the shooter in a photographic array. Appellant was arrested, and his clothes were taken for testing, which revealed the presence of gunshot residue.

Appellant was indicted by a grand jury on one count of murder with a firearm specification; three counts of felonious assault, each with firearm specifications; and one count of having a weapon while under disability. After trial, a jury convicted appellant of all of the charges.

*State v. McKinney,* No. 06AP-510, 2007 WL 1153077, at *1-2 (Ohio 10th App. April 19, 2007).

The trial court sentenced Petitioner to an aggregate prison term of twenty-eight years to life.

*Respondent's Appendix* (ECF 12-2, PageID# 197). On April 19, 2007, the appellate court affirmed the judgment of the trial court. *State v. McKinney*, 2007 WL 1153077. On September 26, 2007, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v.*

*McKinney*, 115 Ohio St.3d 1412 (2007).

> In the meantime, defendant, on March 19, 2007, filed a petition for post-conviction relief pursuant to R.C. 2953.21. Defendant contended his trial counsel was ineffective in failing to call three specific witnesses whose testimony would have demonstrated defendant was not the person who fired the shot killing Terrance Barbour. Attached to defendant's petition was a letter from the Ohio Public Defender's Office declining to represent defendant in his post-conviction proceedings. Defendant's petition, however, requested the opportunity to amend the petition to include evidence defendant gathered to support it.
>
> As indicated in his original petition, defendant on April 7, 2007 filed a motion for leave to amend his petition, requesting an extension of 110 days to gather supporting materials. The trial court granted his motion, and on July 11, 2007, defendant filed his amended petition. Attached to the amended petition were (1) defendant's own affidavit explaining his inability to produce supporting documentation, and (2) letters from his girlfriend explaining her attempts to assist him. By judgment entry filed September 25, 2007, the trial court denied defendant's petition for post-conviction relief filed on March 19, 2007, as well as his amended petition filed July 11, 2007.

*State v. McKinney*, No. 07AP-868, 2008 WL 747716, at *1-2 (Ohio 10th App. March 20, 2008).

On March 20, 2008, the appellate court affirmed the trial court's denial of the petition for post-conviction relief. *Id.* On July 9, 2008, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. McKinney*, 118 Ohio St.3d 1510 (2008).

Also, on July 16, 2007, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). On September 27, 2007, the appellate court denied Petitioner's Rule 26(B) application. *Respondent's Appendix* (ECF 13, PageID# 622). On January 23, 2008, the Ohio Supreme Court declined to accept jurisdiction of the appeal from that decision. *State v. McKinney*, 116 Ohio St.3d 1480 (2008).

On June 17, 2009, Petitioner filed his first federal habeas corpus petition. *McKinney v. Warden, Warren Correctional Institution,* Case No. 2:09-cv-0498 (S.D. Ohio). He asserted in

that action that he had been denied a fair trial based on the trial court's constructive amendment of the indictment and on the belated disclosure of allegedly favorable evidence, that he had been denied the effective assistance of counsel, and that he had been convicted on a defective indictment. On June 11, 2011, this Court dismissed all claims asserted in that action as either procedurally defaulted or without merit. *Id., Opinion and Order* (ECF 40); *Judgment* (ECF 41). The United States Court of Appeals for the Sixth denied petitioner's application for a certificate of appealability, *McKinney v. Warden Warren Correctional Institution,* No. 11-3665 (6th Cir. Apr. 13, 2012), and the United States Supreme Court denied Petitioner's petition for a writ of *certiorari. McKinney v. Sheets*, 133 S.Ct. 534 (2012).

On November 7, 2011, Petitioner filed a motion for re-sentencing in the state trial court. He asserted that the trial court had improperly failed to notify him of the terms of post release control, *Return of Writ* (ECF No. 48-2, PageID# 2184), and that the judgment entry of sentence had failed to indicate that Petitioner would be subject to post release control. *Id.* (PageID# 2186, 2190-93). On March 23, 2012, following a hearing, the trial court issued a *Resentencing Entry* in which the trial court again imposed the same aggregate prison sentence of 28 years, but also notified Petitioner that he would be subject to a mandatory term of three years post release control. *Id.* (PageID# 2204). The state appellate court denied Petitioner's appeal from that judgment:

> Anthony L. McKinney is appealing from the results of a sentencing hearing at which post-release control was added to his lengthy prison sentence. He was originally convicted of numerous charges in 2007 and pursued a direct appeal at that time. The issue to be considered at his most recent sentencing hearing was limited to whether post-release control should be part of his sentence and if so, how long the post-release control should last. McKinney attempts in his appellate brief to raise several other issues which he calls "claims" as opposed to assignments of error. They are:
>
> CLAIM I

The Appellant was ultimately denied his guaranteed right to the Sixth, Fifth, Fourteenth Amendment to the U.S. and Federal Constitution, the right to confront and be protected against unseen and unknown witnesses and Due Process.

The petitioner Mr. McKinney's rights were violated due to an unknown officer or Sgt. and unknown unseen witness. The officer or Sgt. who actually conducted the identification procedure at the scene of the crime has never been produced, he's unknown and unseen. No one can identify this officer/Sgt. This officer/Sgt. who conducted this identification procedure, also unknown would be the only person to know who his witness was, only if there was a positive identification. Logically if the state doesn't know who the officer/Sgt. is who conducted the identification procedure, you wouldn't know if there was a witness, or who this officers witness was. Officer Brian Jackson who testified at trial, says he only observed the unknown officer/Sgt. conduct the identification procedure, with an unknown person from a distance. Officer Jackson testified that he didn't hear a positive identification. *Crawford v. Washington* 541 U.S. 36, 68(2004) and that he could not identify the witness, even if he walked in the court room. The phantom witness Terrell Craig. The trial court also violated confrontation by allowing a witness that could not be identified by officials to identify petitioner at trial. *Taylor v. Cain*, 545 F.3d 327 (5th Cir. 2008). No officer could or have identified this mystery witness as a person who identified petitioner at the scene. Due to the officer/Sgt who conducted the identification procedure being unknown, unseen and has not been identified. It is impossible to have a witness under the protection of due process, and confrontation, when the identification officer/Sgt is unknown. Not only was the identification officer unknown, but officer Brian Jackson says there was no positive identification, and he can't identify this unknown unseen witness Terrell Craig, even if he walked in the court room. Also this claim is not like any other argument petitioner previously argued. Just the same facts, this is a confrontation claim not identification. *Haynes v. Quarterman*, 561 F.3d 535, 538–39 (5th circuit 2009) Petitioner is showing that a officer/Sgt. and a witness is unknown and unseen. This claim is properly reserved for Appellete review. See March 23, 2012 Sentencing tracscipts and the courts decision July 5, 2012. This court should reverse and remand for a new trial or, rather an acquittal is the proper remedy.

CLAIM II

The appellant was denied the right to be free from double jeopardy

5th admendment to the united states constitution, allied offenses. On March 23, 2012 defendant sucessfully challenged P.R.C. and allied offences at sentencing hearing. Petitioner received a copy of the transcipts from Alicia Lash, these transcipts did not contain petitioners full argument. Petitioners allied offenses claim and other federal constitutional claims were omitted from my transcripts. On Sept. 11, Petitioner filed a motion for correction in this court. Sept. 18, 2012 the judges journal entry recommend appellant file his motion to correct with the trial court. Petitioner did as this court recommended, petitioner still has not received a decision or a timed stamped copy. Petitioner successfully challenged P.R.C. and merger of sentences. *See state v. Fischer* 128 ohio st.3d 92,2010–ohio6238 *State v. millette* 2011 ohio 6357. *State v. Johnson* 128 ohio st 3d 153 942. *State v. fairman* 2011 ohio 6489 *State v. Griffis* 2011 ohio 2955. *State v. Hruby* 2010 ohio 3530. This trial court failed to consider these claims together. The only portion of petitioner claim that is void is the allied offenses. As long as I give the state courts a fair opportunity to fix the federal violation, petitioner is in good standings. The conduct of the accused must be considered as established by the evidence, offenses arising from the same occurance sentence that are allied should be merged, to prevent shotgun convictions. *Geigerm* 45 ohio st.2d at 242.. 74. No need to perform hypothetical or abstract comparison of offenses at issue to conclude that the offenses are subject to merge. Under R.c. 2941.25(a) the question is whether it is possible to commit one offense and commit the other with the same conduct. If commission of one offense constitutes the commission of the other then the offenses are of similar importance. A single act committed with a single state of mind. The state must only choose one, must also merge weapons under disability, felinous assult, gun spec., felonious and murder together. *State v. fairman* 2011 ohio 6489. *johnson*. This issue was properly preserved for appellate review. This court should reverse and remand, specificially for allied offenses not P.R.C. P.R.C. was properly imposed.

CLAIM III

The Pititioners rebuttal to the presumption of correctness, a violation of petitioners U.S. and Federal constitutional rights *Jefferson v. Upton*, 130 S.ct 2217. 28 U.S.C. 2254(e)(i).

In *miller-Ei v. Cockrell*, 537 u.s.322,340 (2003) the supreme court held; A Federal court can disagree with the state courts credibility determinitation and when guided by AEDPA, conclude the decision was unreasonable or that the factual, Premise was incorrect by clear and convincing evidence. See 28 U.S.C.

2254(e)(1). A petitioner may also rebut the presumption of correctness of the state fact findings by establishing that any one of the eight enumerated exceptions under form 28 U.S.C. 2254(d)(1)-(8) applies. *See Jefferson v. Upton*, 130 s.ct 2217. It is evident that the state trial court lost its way in pursuit of its findings. The state used a set of different facts that where found differently in the trial court records/transcipts, an unreasonable determination of the facts in light of the evidence presented in the state court. The states facts are not fairly supported by the record. At this point Petitioner must make this court aware of *Sumner v. Mata* 11, 455 U.S. 591, 593 "statement of reason" requirement.

CLAIM IV

Inneffective assistance of appellate counsel, on three different appellate counsels on the same issue, coming from sentencing. Counsels failed to raise petitioners claims and issues arising at the resentencing hearing. A violation of the 6th 5th and 14th of the Federal and U.S. Constitution. innEffective council and due process.

The trial court abused its descreation by allowing John Keeling to withdraw, by agreeing with counsel that there was no issues to raise, when it was obvious that there were issues. State v. Millette 2011 ohio 6357 State v. Fischer 128 ohio st.3d 92, 942. State v. Hruby 2010 ohio 3530. State v. Griffis 2011 ohio 29ss. United *States v. France* 318 Fed Appx.411. This councel never even reviewed the transcripts of the sentencing hearing. See appellate court July 5, 2012 memorandum decision. See March 23, 2012 sentencing transcipts. Post release control was properly imposed, Kelling failed to raise petitioners issues arising at resentencing hearing. As a result Keeling was allowed to withdraw, made appellant miss his deadline to file a notice, which could have ultimately had petitioner barred for failure to appeal. Pititioner is not an attorney, petitioner was forced to file a late delayed appeal due to ineffective assistance of counsel. The trial court abused its descreation when there was obvious issues to be raised.

Appellant was appointed David L. Strait, by this honorable court, there was a conflict of interest because counsel failed to raise appellant previous identification claim in this court, and failed to raise petitioners confrontation claim, and Jefferson v. Upton 130 s.ct 2217 about the fact that petitioner was not identified. Presumption of correctness rebuttal and allied offenses. This is why appellant is fighting for his life now, why should counsel get to raise issues he should have raised on direct appeal. Now that appellant has brought them forth why should he get to argue what

he should of did in the first place. And he probably wouldn't have raised my issues anyways, he was talking the same way John Keeling and David Thomas was talking. All he could do is raise post Release control issues. David L. Strait was ineffective and also he withdrew due to a conflict.

(Sic.passim.)

The first three "claims" are legal issues which were or could have been addressed in McKinney's prior appeals. As such, they are barred by the doctrine of res judicata. Treated as assignments of error, they are overruled.

The fourth claim attacks the performance of McKinney's appellate counsel who all apparently informed McKinney he had nothing of any merit for the court to consider on the appeal. This is not a legitimate issue for an assignment of error. McKinney's fourth claim, treated as an assignment of error, is also overruled.

All four claims, treated as assignments of error, having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.

*State v. McKinney*, 2013 WL 1200214, at *1-4 (Ohio App. 10th Dist. March 26, 2013). On November 6, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. McKinney*, 136 Ohio St.3d 1557 (2013).

On June 23, 2014, Petitioner filed a motion for leave to file a delayed motion for a new trial in the state trial court based on newly discovered evidence and prosecutorial misconduct. *Respondent's Appendix* (ECF 14, PageID# 1106-08). In August 2014, the trial court denied the motion. *Id.* (PageID# 1148). Petitioner did not timely appeal from that decision and, on October 16, 2014, the appellate court denied Petitioner's motion for delayed appeal, reasoning that the Ohio Supreme Court has held that motions for delayed appeal do not apply in post conviction proceedings. *Return of Writ* (ECF No. 48-3, PageID# 2565-66). On March 25, 2015, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal from that decision. *Id.* (ECF No. 48, PageID# 1531).

On October 20, 2014, Petitioner filed this action, his second habeas corpus petition. He asserts the following claims, repeated here *verbatim*:

1. The reviewing court failure to reverse and the trial court's allowing unidentified unknown and unseen nontestifying anonymous witness testimony in violation of confrontation and due process.

2. Appellant's issues as a whole is entitled to one free-standing collateral attack per judgment when a full de novo re-sentencing led to a new judgment, where new issues may be raised and cannot be barred by res judicata the U.S. Const. 14th Amendment.

3. The Petitioner has the right to be free from double jeopardy and violates due process of law.

4. The state court lost its way in pursuit of its fact finding, an unreasonable determination of the facts. Petition entitled to an evidentiary hearing to prove factual allegations.

5. Ineffective assistance of counsel on three different counsels on the same issues coming from resentencing. Counsels failed to raise petitioners claims and issues on the record, arising out resentencing. A violation of 6th, 5th, 14 amend. To U.S. Federal Const. due process ineffective counsel.

6. The state failed to properly file its brief and appellant was denied his U.S. Const. rights to be present and represent himself at oral arguments in violation of due process equal protection of the laws and access to the courts.

*Petition* (ECF No. 1, PageID# 5 -15). On September 29, 2015, this Court transferred claims one, three and four to the United States Court of Appeals for the Sixth Circuit as successive, and dismissed Petitioner's remaining claims. *Order* (ECF No. 41). On May 20, 2016, the Court denied Petitioner's *Motion to Alter or Amend Judgment. Opinion and Order* (ECF No. 45). On August 8, 2016, the Sixth Circuit transferred Petitioner's habeas corpus claims one, three, and four to this Court for consideration as an initial § 2254 petition. *In re: Anthony L. McKinney*, No.

15-4107 (6th Cir. Aug. 8, 2016); *Order* (ECF No. 46). Respondent and Petitioner thereafter filed the *Return of Writ* and the *Traverse*, as well as supplemental memoranda. Respondent contends that this action must be dismissed as barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d), that Petitioner's claims fail to provide a basis for federal habeas corpus relief, and alternatively, that Petitioner's claims are procedurally defaulted or without merit.

The case is now ripe for review.

## Requests for Discovery and Evidentiary Hearing

Petitioner asks that Respondent be directed to supplement the record with copies of State's Exhibits Z1-Z4, and the transcripts of the pre-trial testimony of one Terrell Craig. *Motion Requesting the District Court to Order Respondent to Provide the Court and Petitioner with Relevant Portions of the Transcripts and Other Parts of the Record* (ECF No. 68). Petitioner also complains that page 70 of the trial transcript is missing. *Id.* (ECF No. 68, PageID# 3497). Petitioner also asks that Respondent be directed to supplement the record with a copy of State's Exhibit E1, and any transcripts pertaining to one Jermaine Freeman concerning Exhibit E1. He asks that Respondent be required to submit color photographs "in original form." *Id.* (ECF No. 68, PageID# 3497). Petitioner maintains that these documents will demonstrate that the testimony of Craig and Freeman was unreliable and that these witnesses were coached by police to identify Petitioner as the shooter. Petitioner has attached a portion of the trial transcript referencing the exhibits that he seeks. *Petitioner's Reply* (ECF No. 71-1, PageID# 3571-73).

Petitioner also seeks, *inter alia*, the audio or video recordings and transcripts thereof of October 13, 2005, statements by Terrell Craig; the audio or video recordings of Jermaine Freeman from the scene, hospital, and his house, and any documents regarding such statements; color photographs and photo arrays used by police to obtain Petitioner's identification by Craig and Freeman (*i.e.*, State's Exhibits E-1 and Z-1 to Z-4); the clothing and shoes worn by

Petitioner on the day at issue; any and all police reports by Officer Brian Jackson regarding the case; all police reports by Detective Zach Scott regarding the case; the identity of an unknown officer who conducted an identification and video or audio tape from the police cruiser; reports by Joseph S. Murray regarding the case; witness statements of Taylor Henderson, Davis James Calvin, Tim Warren, Tim Ward, John Harrold, Michael Harrold, Elisha Polk, and others; investigative summaries; domestic stay away orders; 9-1-1 recordings; and witness medic reports. *Traverse* (ECF No. 70, PageID# 3542-44).

Petitioner maintains that the foregoing material will assist him in establishing his claim under the Confrontation Clause and will show that Detective Scott coerced Terrell Craig to identify Petitioner as the shooter, using as leverage drugs found on Terrell Craig. Petitioner also alleges that the prosecution altered recorded transcripts of Craig and Freeman regarding their identification of Petitioner as the shooter and suppressed a police report regarding an unidentified person giving a description of an unknown person. *Id.* (ECF No. 70, PageID# 3540). This discovery, Petitioner argues, will show that the prosecutor and police withheld evidence, manipulated evidence and the testimony of witnesses, and used biased and suggestive identification procedures to prosecute the case. *Id.* (PageID# 3541). Petitioner has attached certain discovery material and other documents in support of his request in this regard. *Id.* (PageID# 3546-68).

The discovery processes authorized by the Federal Rules of Civil Procedure do not automatically apply to habeas corpus proceedings. "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show

reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief. . . .' " *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). *See also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

> "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford*, 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460.
>
> "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

*Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004).

Moreover, Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts permits federal habeas courts to direct the parties to supplement the state court record with materials relevant to the Court's resolution of the petition:

> (a) In General. If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
>
> (b) Types of Materials. The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
>
> (c) Review by the Opposing Party. The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

The decision whether to order an expansion of the record under Rule 7, however, falls within the sound discretion of the district court. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988).

Expansion of the record pursuant to Rule 7 is limited by the relevance of the proffered materials to the constitutional claims presented.

Petitioner has failed to establish good cause for his discovery requests. Respondent has filed a copy of the trial and sentencing transcripts (including page 70), as well as 123 exhibits containing copies of the state court record in this case. *See Return of Writ* (ECF No. 48); *Supplemental Memorandum Supporting Return of Writ* (ECF No. 49). Further, much of the material to which Petitioner refers has been made available to him or would have been available to the defense prior to trial. The record does not indicate that any further development of the record will show that Petitioner may be entitled to relief. For the reasons discussed below, Petitioner's claims are either not cognizable in these proceedings, or are procedurally defaulted. Additionally, nothing in the record supports Petitioner's allegation that police or the prosecutor coerced prosecution witnesses to identify Petitioner as the perpetrator of the offense. Petitioner's claim that further discovery will assist him in establishing that he is entitled to relief is speculative and constitutes a mere fishing expedition. As discussed below, no evidentiary hearing will be required to resolve Petitioner's claims. Therefore, Petitioner's motion for discovery and for an evidentiary hearing, and *Motion Requesting the District Court to Order Respondent to Provide the Court and Petitioner with Relevant Portions of the Transcripts and Other Parts of the Record* (ECF No. 68) are **DENIED**.

### Statute of Limitations

Respondent contends, *inter alia*, that this action is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, establishes a one-year statute of limitations on the filing of habeas corpus actions.

> (d) (1) A one-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the

judgment of a state court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2). This statute of limitations may be overcome, however, if a petitioner is able to make a credible showing of actual innocence. *Schulup v. Delo,* 513 U.S. 298, 317 (1995); *Tyler v. Ray,* 610 Fed.Appx. 445 (6th Cir. 2015). Moreover, the equitable tolling of the statute of limitations may save an otherwise untimely petition. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012). The statute of limitations should be equitably tolled only where a petitioner shows: (1) that he has been diligent in pursuing his rights; and (2) that an extraordinary circumstance prevented him from filing within the prescribed time. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Id*.

Respondent argues that grounds one, three, and four are time-barred, because those claims challenge only Petitioner's original judgment and raise no issue regarding the trial court's

March 23, 2012, re-sentencing hearing. According to Respondent, Petitioner's judgment of conviction became final under the provision of 28 U.S.C. § 2244(d)(1)(A) on December 25, 2007, or ninety days after the Ohio Supreme Court dismissed his appeal, when the period for filing a petition for a writ of *certiorari* from the original judgment expired. Respondent argues that Petitioner's post conviction petition tolled the running of the statute of limitations until July 8, 2008, but that the statute of limitations began to run the following day and expired one year later, on July 9, 2009. *Return of Writ* (ECF No. 48, PageID# 1536-37). Petitioner executed this habeas corpus petition more than five (5) years later, October 14, 2014. Respondent's argument is not persuasive.

Where a petitioner's conviction is affirmed on direct appeal, but the matter is remanded for re-sentencing, the conviction becomes final for statute of limitations purposes when the re-sentencing decision becomes final by the conclusion of direct review or expiration of time for seeking such review. *Burton v. Stewart*, 549 U.S. 1 (2012). "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" *Id*. at 156–57 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937). Respondent maintains that this case is distinguishable from *Burton* because the state appellate court affirmed Petitioner's convictions on direct review, and remanded the case for re-sentencing only on collateral review. *Return of Writ* (ECF No. 48, (PageID# 1538)(citing also *Jackson v. Lazaroff*, No. 15-4335 (6th Cir. Nov. 21, 2016)). *See Supplemental Authority Supporting Return of Writ* (ECF No. 60, PageID# 3483-87). Again, this Court is not persuaded.

District courts in Ohio, citing *Burton,* have concluded that "'a habeas corpus petition which is timely filed after resentencing may properly raise issues not only concerning the resentencing, but the underlying conviction' as well." *Johnson v. Warden, Lebanon Correctional Inst.,* No., 2010 WL 2889056, at *6 (S.D. Ohio June 23, 2010)(citing *Johnson v.*

*Brunsman*, No. 2:09cv369, 2010 WL 1856301, at *2 (S.D.Ohio May 10, 2010) (Kemp, M.J.) (*Report & Recommendation*) (unpublished), adopted, 2010 WL 2301287 (S.D. Ohio June 7, 2010) (Watson, J.) (unpublished). *See also Plaza v. Hudson*, No. 1:07cv674, 2008 WL 2017573, at *1, *9 (N.D.Ohio May 7, 2008) (unpublished)). *See also Norris v. Bunting*, No. 15-cv-00764, 2017 WL 749200, at *7 (S.D. Ohio Feb. 27, 2017)(rejecting Respondent's argument that *Jackson v. Lazaroff* compels a different result). Moreover, in *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit addressed similar facts and held that "a new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment."

Respondent insists that the Sixth Circuit's decision in *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007), remains controlling authority and requires that this Court conclude that the Petitioner's re-sentencing did not affect the running of the statute of limitations on the claims presented in the *Petition*. Respondent maintains that *Crangle* does not compel a different result, because one panel of the decision of the Sixth Circuit does not overrule the decision of another panel, and the Sixth Circuit in *In re Stansell*, 828 F.3d 412, 418 (6th Cir. 2016), "recently reaffirmed the continuing validity of *Bachman*." *Respondent's Sur-Reply to Petitioner's Traverse* (ECF No. 72, PageID# 3576). This Court has previously rejected Respondent's arguments, noting:

> *Stansell* was a successive petition case and not a limitations case. In reaching its decision that a petition filed after a re-sentencing cannot be deemed successive, *Stansell* held that "the federal habeas statute speaks of one 'judgment,' not many, per term of custody." *Stansell*, 828 F.3d at 418. *Stansell* recognized that *Bachman* had adopted a different approach (splitting a single judgment into "multiple mini-judgments" for limitations purposes, *see id.*) but it rejected that approach in the context of successive petitions. However, because the statute of limitations question was not before the Court of Appeals in *Stansell,* it pointed out that its decision, and the decisions on which it relied, "do not answer the

distinct statute-of-limitations question raised in *Bachman." Id*. In other words, that remained an open question.

The Court of Appeals was quickly confronted with that open question, however, and answered it in *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016). The facts of that case – which cannot be distinguished from the facts of this one – are these. *Crangle*, the petitioner, was originally sentenced in 2007. Although his plea agreement indicated that he would be subject to post-release control after serving his sentence of imprisonment, he was told differently at his sentencing hearing, and the judgment entry did not impose post-release control. That judgment became final in 2008.

In 2010, the Ohio Supreme Court held, in *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124 (2010), that imposition of post-release control in certain felony cases was mandatory. Crangle, seizing on this decision, moved to withdraw his guilty plea, claiming that his original sentence was unlawful and his plea was therefore not knowing and voluntary. The state court denied that motion but, recognizing that it had erred, entered a new judgment which included the mandatory term of post-release control. Crangle pursued multiple appeals of that decision but was unsuccessful. He then filed a petition for a writ of habeas corpus. Because it was not filed within one year of the date that the original judgment became final, the respondent argued that it was time-barred, and the District Court (based on the state of the law at that time) agreed. Crangle appealed.

The Court of Appeals reversed. Citing to *Magwood v. Patterson*, 561 U.S. 320 (2010) and *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015) – the same decisions cited by the *Stansell* court in support of its decision – the Court of Appeals held that "[t]he interpretation of 'judgment' in *Magwood* and *King* applies with equal force to § 2244(d)(1)(A) and § 2254(a) [the limitations provisions in question]." *Crangle,* 838 F.3d at 678. Applying that reasoning led the *Crangle* court to conclude that "a new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment." *Id*. In making that determination, the Court of Appeals specifically observed that "*Magwood* and *King* likewise abrogated *Bachman v. Bagley*, 487 F.3d 979, 983 (6th Cir. 2007), where we held that a sexual predator designation that was imposed after the original judgment restarted the one-year clock only for a challenge to the sexual predator designation." *Id.* And if one views *Bachman* on Westlaw, it has been "red-flagged" with

this notation: "Abrogation Recognized by *Crangle v. Kelly*, 6th Cir. (Ohio), September 22, 2016."

*Norris v. Bunting*, 2017 WL 749200, at *7-8.

Further, the facts in *Bachman* are distinguishable from those presented in this case. Bachman was convicted in 1995. In 2004, the trial court adjudicated him a sexual predator under Ohio's subsequently amended sex offender registration law. Thereafter, Bachman filed a federal habeas corpus petition, asserting various constitutional challenges to his original conviction. Bachman argued that his 2004 designation as a sexual predator pursuant to the Ohio sex offender registration law reopened his original judgment and sentence, and started the one-year statute of limitations anew. *Bachman v. Bagley*, 487 F.3d at 982. The Sixth Circuit in *Bachman* rejected this argument. ("Bachman's designation as a sexual predator started the running of a new statute of limitations period with respect to challenges to the sexual predator designation only[.]") *Id*. at 983.

This case, however, does not involve Petitioner's designation as a sexual predator. Rather, as did the petitioner in *Crangle*, Petitioner obtained a limited re-sentencing hearing so that the trial court could notify Petitioner and advise him of the terms of post release control. *See Return of Writ* (ECF No. 48-2, PageID# 2180-81). "Given that the same facts underlie both this case and *Crangle*, this Court is duty-bound to reach the same result." *Norris v. Bunting*, 2017 WL 749200, at *8,

Therefore, this Court concludes that Petitioner's judgment of conviction became final under 28 U.S.C. § 2244(d)(1)(A) on February 3, 2014, or ninety days after the Ohio Supreme Court's November 6, 2013, dismissal of Petitioner's appeal from the trial court's re-sentencing entry, when the period for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). The statute of

limitations began to run on the following day and expired one year later, on February 4, 2015. Petitioner executed this action on October 14, 2014. *Petition* (ECF No. 1, PageID# 20). This Court concludes that the *Petition* was timely filed.

**Claims Must Be Cognizable under Federal Law**

Respondent contends that certain of Petitioner's claims three and four present only issues of Ohio law and do not present issues cognizable under federal law.

<u>Claim Three</u>

Referring to *Jackson v. Smith*, 745 F.3d 206 (6th Cir. 2014), Respondent argues that claim three, in which Petitioner asserts that his convictions violate the Double Jeopardy Clause and constituted allied offenses of similar import that should have been merged at sentencing, raises only an issue regarding the alleged violation of state law, and therefore fails to present a claim appropriate for federal habeas corpus review. This Court disagrees. Moreover, *Jackson* does not stand for the proposition for which Respondent cites the case.

The petitioner in *Jackson* requested a *de novo* review by the federal habeas court of his claim under the Double Jeopardy Clause, because the state appellate court had limited its analysis of the claim to a discussion of the application of Ohio's law on allied offenses of similar import. The Sixth Circuit, however, held that the state appellate court's analysis of the issue had been "entirely dispositive of the federal double jeopardy claim" and "*necessarily* resolved the federal claim, despite not expressly saying so." *Id*. at 210 (citation omitted)(emphasis in original). Therefore, the state appellate court's decision was entitled to deferential review under the heightened standards of the AEDPA. *Id*. *See also Haller v. Warden, London Correctional Institution*, No. 2:14-cv-373, 2017 WL 86204, at *9 (S.D. Ohio Jan. 10, 2017)(citing *Bates v. Crutchfield*, No. 1:15-cv-817, 2016 WL 7188569, at *5 (S.D. Ohio Dec. 12, 2016)). *See also Gaines v. Warden, Madison Correctional Inst*., No. 1:07-cv-347, 2010 WL 7023564, at *9 (S.D.

Ohio Sept. 30, 2010)(rejecting the argument that Petitioner failed to fairly present a claim under the Double Jeopardy Clause to the state courts by raising the issue under Ohio's statutes on allied offenses of similar import). This Court likewise concludes that Petitioner's third claim – that his convictions should have been merged in accordance with Ohio's law on allied offenses of similar import and the Double Jeopardy Clause – raises a federal issue appropriate for review in these proceedings.

Claim Four

In claim four, Petitioner asserts that "[t]he state court lost its way in pursuit of its fact finding, an unreasonable determination of the facts." In making this claim, Petitioner argues, as he did on direct appeal, that his convictions were against the manifest weight of the evidence. Petitioner acknowledges that he does not raise a claim that the evidence was constitutionally insufficient to sustain his convictions. *Petitioner's Response to Respondent's Sur-Reply* (ECF No. 73, PageID# 3580). However, and as Respondent correctly notes, this claim – which is grounded in Ohio law – fails to present an issue appropriate for federal habeas corpus relief. *See Nash v. Eberlin*, 258 Fed.Appx. 761, 765, n. 4 (6th Cir. 2007). Although 28 U.S.C. § 2254 authorizes habeas corpus relief to a state prisoner if the prisoner establishes that he is in custody in violation of the Constitution or laws of the United States, federal law does not authorize federal habeas relief merely on the basis that a jury's verdict is against the manifest weight of the evidence.

> [U]nder Ohio law, a claim that a verdict was against the manifest weight of the evidence – as opposed to one based upon insufficient evidence – requires the appellate court to act as a "thirteenth juror" and review the entire record, weight the evidence, and consider the credibility of witnesses to determine whether "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *cf. Tibbs v. Florida*, 457 U.S. 31 (1982). Since a federal habeas court does not function as

> an additional state appellate court, vested with the authority to conduct such an exhaustive review, any claim that petitioner's conviction was against the manifest weight of the evidence cannot be considered by this Court.

*Norris v. Warden*, NCI, No. 2:08–CV–732, 2010 WL 582623, *9–10 (S.D. Ohio Feb.11, 2010), *adopted and affirmed* 2010 WL 883847 (S.D. Ohio Mar. 9, 2010). Thus, Petitioner's fourth claim – that his convictions are against the manifest weight of the evidence – does not raise an issue of federal law and must be dismissed.

### Procedural Default

Respondent contends that Petitioner has procedurally defaulted his remaining claims. Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982 (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas corpus. . . ." *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the state so that the State has a fair chance to correct any errors made in the

course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the State argues that a federal habeas claim has been waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the State can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This

"cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause sufficient to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, however, an ineffective assistance of counsel claim generally must "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards,* 529 U.S. at 452 (quoting *Murray v. Carrier*, 477 U.S. at 479). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if that claim is procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards,* 529 U.S. at 450–51.

If, after considering all four factors of the *Maupin* test, the court concludes that a procedural default has occurred, it must not consider the merits of the procedurally defaulted claim unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. at 495–96).

In claim one, Petitioner asserts that the admission of witness identification testimony violated the Confrontation Clause. *Petition* (ECF No. 1, PageID# 5). In claim three, Petitioner asserts that his convictions violate the Double Jeopardy Clause because they constitute allied

offenses of similar import and should have been merged at sentencing. However, Petitioner failed to raise these claims in his first direct appeal. *See State v. McKinney*, 2007 WL 1153077. Further, he may now no longer do so by operation of Ohio's doctrine of *res judicata. See State v. Cole*, 2 Ohio St.3d (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967) (claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata.*). Although Petitioner attempted to raise these claims in the direct appeal after his re-sentencing, the state appellate court explicitly refused to address the merits of the claims because they were barred under Ohio's doctrine of *res judicata. See State v. McKinney*, 2013 WL 1200214, at *3.

Further, Ohio's doctrine of *res judicata* is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson*, 501 U.S. at 732–33. To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964). The United States Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims

because they are procedurally barred. *See State v. Cole*, 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity.

With respect to the independence prong, this Court concludes that Ohio's doctrine of *res judicata* in this context does not rely on or otherwise implicate federal law. Accordingly, the Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

Petitioner may still secure review of the merits of claims one and three if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).

As discussed *supra*, the constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as that claim has been presented to the state courts and is not, itself, procedurally defaulted. *Edwards,* 529 U.S. at 451-52. However, Petitioner never presented to the state courts a claim that he was denied the effective assistance of appellate counsel based on his attorney's failure to raise a claim under the Double Jeopardy Clause or the Confrontation Clause. *See Memorandum Decision* (ECF No. 48-2, PageID# 2013-15).

Therefore, such a claim cannot constitute cause for Petitioner's procedural default of claims one and three.

The United States Supreme Court has held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. at 326–27. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. at 496. In *Schlup*, the Supreme Court held that a credible showing of actual innocence was sufficient to authorize a federal court to reach the merits of an otherwise procedurally-barred habeas petition. *Id.* at 317. However, the actual innocence claim is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id.* at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The actual innocence exception allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence – not previously presented at trial – would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit explained the exception as follows:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130

L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter,* 395 F.3d at 589–90 (footnote omitted). Petitioner does not meet these standards here. After an independent review of the record, the Court does not deem this to be so extraordinary a case as to relieve petitioner of his procedural default.

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

Petitioner's motion for discovery and an evidentiary hearing are **DENIED**.

Petitioner's *Motion to Defer Ruling pending receipt from Petitioner of a traverse* (ECF No. 67) is **DENIED**, as moot. Petitioner's *Motion Requesting the District Court to Order Respondent to Provide the Court and Petitioner with Relevant Portions of the Transcripts and Other Parts of the Record* (ECF No. 68) is **DENIED**. .

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

  *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge

May 30, 2017