IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTHONY McKINNEY,

    Petitioner,

v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

    Respondent.

Civ. No. 2:14-cv-1992
CHIEF JUDGE SARGUS
Magistrate Judge King

## **OPINION AND ORDER**

This is an action for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. On June 14, 2017, this Court dismissed claims one, three and four of the petition, which were the only claims remaining for this Court's review. *Judgment* (Doc. 86). Petitioner's appeal from that judgment is pending. *Notice of Appeal.* (Doc. 87). The Court thereafter granted Petitioner until August 11, 2017, to request a certificate of appealability. *Order* (Doc. 90). This matter is now before the Court on Petitioner's October 10, 2017, *Amended Motion for Certificate of Appealability* (Doc. 94).

The Court hereby **GRANTS** Petitioner's *Motion to Strike the Motion for Certificate of Appealability* (Doc. 93). Petitioner's *Motion for Certificate of Appealability* (Doc. 92), which was also filed on October 10, 2017, but which reflects the wrong court, is **ORDERED STRICKEN**. For the reasons that follow, Petitioner's *Amended Motion for Certificate of Appealability* (Doc. 94) is **DENIED**.

Petitioner challenges his April 2006 convictions, following a jury trial in the Franklin County Court of Common Pleas, on one count of murder, three counts of felonious assault, and

one count of having a weapon while under disability, with firearm specifications. He seeks a certificate of appealability on claim one, in which he alleges that he was convicted in violation of the Confrontation Clause, and on claim three, in which he alleges that his convictions violate the Double Jeopardy Clause. The Court dismissed both of these claims as procedurally defaulted, in light of Petitioner's failure to raise these claims on direct appeal and in light of the state appellate court's refusal to address these claims, as barred by Ohio's doctrine of *res judicata*, in connection with Petitioner's direct appeal following his re-sentencing.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) Where, as here, a court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

For the reasons detailed in the *Order and Report and Recommendation* (Doc. 81) and in the *Order* (Doc. 85) adopting that recommendation, the Court is not persuaded that Petitioner can meet this standard.

2

Therefore, Petitioner's *Amended Motion for Certificate of Appealability* (Doc. 94) is **DENIED.**

**IT IS SO ORDERED.**

10-27-2017
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

3